IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

---

LEON J.,

               Plaintiff,

     v.

ANDREW M. SAUL, Commissioner of Social Security,[1]

               Defendant.

Civil Action No.
3:19-CV-0153 (DEP)

---

APPEARANCES:                                    OF COUNSEL:

FOR PLAINTIFF

LACHMAN, GORTON LAW FIRM       PETER A. GORTON, ESQ.
P.O. Box 89
1500 East Main St.
Endicott, NY 13761-0089

FOR DEFENDANT

HON. GRANT C. JAQUITH               GRAHAM MORRISON, ESQ.
United States Attorney                  Special Assistant U.S. Attorney
P.O. Box 7198
100 S. Clinton Street
Syracuse, NY 13261-7198

---

[1] Plaintiff's complaint named Nancy A. Berryhill, in her capacity as the Acting Commissioner of Social Security, as the defendant. On June 4, 2019, Andrew Saul took office as Social Security Commissioner. He has therefore been substituted as the named defendant in this matter pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, and no further action is required in order to effectuate this change. *See* 42 U.S.C. § 405(g).

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

## ORDER

Currently pending before the court in this action, in which plaintiff seeks judicial review of an adverse administrative determination by the Commissioner of Social Security, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), are cross-motions for judgment on the pleadings.[2] Oral argument was heard in connection with those motions on February 4, 2020, during a telephone conference conducted on the record. At the close of argument I issued a bench decision in which, after applying the requisite deferential review standard, I found that the Commissioner's determination resulted from the application of proper legal principles and is supported by substantial evidence, providing further detail regarding my reasoning and addressing the specific issues raised by the plaintiff in this appeal.

After due deliberation, and based upon the court's oral bench decision, which has been transcribed, is attached to this order, and is

---

[2] This matter, which is before me on consent of the parties pursuant to 28 U.S.C. § 636(c), has been treated in accordance with the procedures set forth in General Order No. 18. Under that General Order once issue has been joined, an action such as this is considered procedurally, as if cross-motions for judgment on the pleadings had been filed pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

incorporated herein by reference, it is hereby

ORDERED, as follows:

1) Defendant's motion for judgment on the pleadings is GRANTED.

2) The Commissioner's determination that the plaintiff was not disabled at the relevant times, and thus is not entitled to benefits under the Social Security Act, is AFFIRMED.

3) The clerk is respectfully directed to enter judgment, based upon this determination, DISMISSING plaintiff's complaint in its entirety.

David E. Peebles
U.S. Magistrate Judge

Dated: February 12, 2020
Syracuse, NY

```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LEON J.,

                                        Plaintiff,

-v-                                     3:18-CV-153

NANCY A. BERRYHILL,

                                        Defendant.
------------------------------------------------------------x
```

                           **TRANSCRIPT OF PROCEEDINGS**
                **BEFORE THE HONORABLE DAVID E. PEEBLES**
                             February 4, 2020
          100 South Clinton Street, Syracuse, New York

```
For the Plaintiff:
(Appearance by telephone)

     LACHMAN & GORTON LAW OFFICE
     P.O. Box 89
     1500 East Main Street
     Endicott, New York 13761
     BY:  PETER A. GORTON, ESQ.

For the Defendant:
(Appearance by telephone)

     SOCIAL SECURITY ADMINISTRATION
     26 Federal Plaza
     Room 3904
     New York, New York 10278
     BY:  GRAHAM MORRISON, ESQ.
```

*Hannah F. Cavanaugh, RPR, CRR, CSR, NYACR*
*Official United States Court Reporter*
*100 South Clinton Street*
*Syracuse, New York 13261-7367*
*(315) 234-8545*

1   (In chambers, counsel present by telephone.  Time
2   noted:  11:03 a.m.)
3       THE COURT:  All right.  I have before me a proceeding
4   that has been commenced on behalf of plaintiff, Leon J.,
5   pursuant to 42, United States Code, Sections 405(g) and
6   1383(c)(3) seeking judicial review of an adverse determination
7   by the Commissioner of Social Security.
8       The background is as follows:  Plaintiff was born in
9   June of 1961.  He is 58 years old.  He was 52 years of age at
10  the time of the alleged onset of his disability in 2013.  He
11  stands 5'5" in height and weighs approximately 115 pounds.
12  Plaintiff completed 11th grade.  While he was in school he
13  attended special education classes.  He did not receive a GED,
14  nor has he undergone any additional vocational training.
15  Plaintiff, according to his testimony, reads at a 4th or 5th
16  grade level.  Plaintiff does not have a driver's license.  He
17  takes public transportation.  He's right-handed.  Plaintiff
18  lives alone in an apartment.  It's a second floor apartment with
19  stairs.
20      Plaintiff last worked in either June 2013 or
21  August 2013, depending on where in the Administrative Transcript
22  you look.  He left work voluntarily due to a back issue and did
23  subsequently submit a Workers' Compensation claim.  When
24  working, plaintiff was a laborer in two specific foundry
25  settings.  He was a tank dipper and, later, he worked in

aluminum molding.

The plaintiff suffers from back pain that radiates into his legs. He has been diagnosed as suffering from Type 1 Modic endplate changes at L5-S1, as well as multilevel spondylosis and degenerative changes at L2 and L3. He has stated at page 39 that he does not suffer from or experience any other medical issues besides his back and leg pain. Plaintiff treats with Lourdes Primary Associates and Dr. Mala Ashok. He underwent physical therapy at times between February 2014 and November 2014. According to page 421 of the Administrative Transcript, he was discharged from physical therapy for nonattendance. He also presented at Wilson Hospital emergency department on August 7, 2013, at about the time he stopped working. He was diagnosed as suffering from chronic lumbar strain and was prescribed Robaxin, a 30-day supply without refill.

Plaintiff has been prescribed various medications, including Naproxen, Celebrex, Gabapentin, Tizanidine, Cyclobenzaprine, and Methocarbamol. X-rays from August of 2013 were taken and, again, September 2013. Those latter X-rays revealed degenerative spondylosis at L2-L3 with grade one spondylolisthesis at L2-L3 with spondylosis at L2. There is straightening, but no compression fracture, that appears at page 243 of the Administrative Transcript.

Interestingly, plaintiff has made various different

1  statements over time concerning his drug use. At page 47,
2  during the hearing, he testified he had not used marijuana in
3  the past five years. On January 15, 2015, he reported at page
4  454 that he was using marijuana. On August 9, 2013, at page
5  231, he admitted using marijuana. And on August 7, 2013, at the
6  time of his hospital visit, it was noted that he had a history
7  of heavy drug use, marijuana, that's at 502.
8              In terms of activities of daily living, plaintiff
9  cares for his eight-year-old grandson. He picks him up from
10 school Monday through Friday at 3:30 and keeps him until 7:00,
11 occasionally cooking for him. He also can take care of his
12 personal hygiene, does some cooking, mopping, shopping. He
13 socializes, including playing poker with friends, watches
14 television, and does laundry.
15             Procedurally, plaintiff applied for Title II and
16 Title XVI benefits under the Social Security Act on August 6,
17 2013, alleging a disability onset date of August 2, 2013, and
18 claiming a history of anxiety, back pain, and bad back, that's
19 at page 166 of the Administrative Transcript. On April 8, 2015,
20 Administrative Law Judge Robert E. Gale conducted a hearing
21 concerning plaintiff's application for benefits. Judge Gale
22 issued an unfavorable decision on May 28, 2015, finding that
23 plaintiff was not disabled at the relevant times. On
24 November 25, 2016, the Appeals Council denied plaintiff's
25 application for review.

            In the meantime, on December 12, 2016, plaintiff filed a second application for benefits. On December 9, 2016, he commenced an action in this court challenging the initial determination by the Commissioner. On December 15, 2017, one of my colleagues, Magistrate Judge Thérèse Wiley Dancks, to whom the matter was assigned on consent of the parties, issued a remand order. The state agency, subsequently addressing the second application for benefits, concluded that plaintiff was disabled since June 5, 2016. On April 11, 2018, the Social Security Administration Appeals Council affirmed the finding of disability as of June 5, 2016, but remanded the matter for consideration of whether plaintiff was disabled from August 2, 2013, to June 4, 2016. A hearing was conducted on September 4, 2018, by the newly assigned Administrative Law Judge Robyn Hoffman. Judge Hoffman issued a decision on December 3, 2018, finding that plaintiff was not disabled during that period and therefore denying his application for benefits.

            In her very comprehensive and thorough decision, Administrative Law Judge Hoffman applied the familiar five-step sequential test for determining disability. At step one, she concluded that plaintiff had not engaged in substantial gainful activity during the relevant period.

            At step two, she concluded that plaintiff suffered from severe impairments imposing more than minimal limitations on the ability to perform basic work functions, including

1   lumbosacral degenerative disc disorder, but found no evidence of
2   a mental impairment prior to June 4, 2016.  The Administrative
3   Law Judge noted that there was a diagnosis of a consultative
4   examiner on September 18, 2013, but it was based solely on
5   subjective reports of the plaintiff.
6           At step three, ALJ Hoffman concluded that plaintiff
7   did not meet or equal any of the listed presumptively disabling
8   conditions set forth in the Commissioner's regulations,
9   specifically considering listing 1.04.
10          After surveying the available record evidence, ALJ
11  Hoffman concluded that plaintiff retains the residual functional
12  capacity during the relevant period, or RFC, to perform light
13  work with additional limitations set forth at page 514 of the
14  Administrative Transcript.  The Administrative Law Judge, after
15  painstakingly recounting reports of plaintiff's treatment
16  through March 23, 2015, concluded that plaintiff is not capable
17  of performing his past relevant work in light of the exertional
18  requirements associated with those two positions.
19          At step five, she concluded that if plaintiff were
20  capable of performing a full range of light work, a finding of
21  no disability would be compelled by the Medical-Vocational
22  Guidelines set forth in the Commissioner's regulations, and
23  specifically Rule 202.10 of those regulations.  After consulting
24  with the testimony of a vocational expert, given the additional
25  limitations set forth in the RFC finding, ALJ Hoffman concluded

1  that plaintiff is capable of performing as a routing clerk, a

2  racker, and a checker 1 and, therefore, was not disabled at the

3  relevant times.

4          As you know, my standard of review is limited and

5  extremely deferential.  I must determine whether correct legal

6  principles were applied and the determination resulting is

7  supported by substantial evidence.  The Second Circuit Court of

8  Appeals has noted in *Brault v. Social Security Administration*,

9  683 F.3d 443, Second Circuit, 2012, that this is an extremely

10 rigid and stringent standard, even more so than clearly

11 erroneous.  It means that facts found by the Administrative Law

12 Judge can be rejected only if a reasonable factfinder would have

13 to conclude otherwise.  And, of course, substantial evidence, we

14 know, has been defined as such relevant evidence as a reasonable

15 mind might accept as adequate to support a conclusion.

16         Here, we are dealing with a closed period.  It is

17 from August 2, 2013, to June 4, 2016.  The burden, of course,

18 through step four, as we know from *Poupore*, is on the plaintiff

19 to establish his limitations.  The contentions raised by the

20 plaintiff include challenges to the Administrative Law Judge's

21 weighing of the conflicting medical opinions in the record,

22 including the rejection of opinions from the treating source,

23 Dr. Ashok, and the weight given to Dr. Jenouri's medical source

24 or consultative examination opinions.  Included within that is

25 the claim that there was insufficient reasoning or explanation

provided to afford meaningful judicial review and that Dr. Jenouri's use of the term mild renders his opinions vague.

The plaintiff also complains of the rejection of Dr. Ashok's opinions concerning off task and absenteeism without any contrary opinions, the failure to consider the need for plaintiff to change positions, and noted that if plaintiff were deemed to only be capable of sedentary work, the Medical-Vocational Guidelines would compel a finding of disability.

Much of what we are faced with was also before Magistrate Judge Dancks and her opinion, and I agree with her opinion that Dr. Ashok's opinion was inconsistent with his records as a whole and not supported by clinical signs found in physical exams. I also agree that the one reason for the remand in this case was concern over limitations in bending and range of motions, which Magistrate Judge Dancks concluded required further development of the record. And, of course, in the RFC finding in this case, there was limitations, including balancing, stooping, kneeling, crouching, and crawling, which could only be performed on an occasional basis, so the errors that Judge Dancks found appear to have been resolved or addressed.

As the Commissioner has argued, it is the ALJ's responsibility to weigh competing medical evidence. I find in this case Dr. Jenouri's use of the term mild does not undermine

1  the validity of the examination.  It is consistent with
2  plaintiff's treatment records, the conservative treatment that
3  he received.  It's consistent with relatively benign X-ray
4  results and plaintiff's extensive activities of daily living.
5  As an example of treatment records, on January 5, 2015, the
6  plaintiff stated that his symptoms were intermittent, he was not
7  experiencing any pain.
8           The rejection of Dr. Ashok is properly explained by
9  Judge Hoffman.  It is a check-the-box form without significant
10 narrative as to why plaintiff would be absent or why plaintiff
11 would be off task.  I note that the medical source statement is
12 extremely restrictive and does not appear to be consistent with
13 the treatment records, as I said before, painstakingly recounted
14 by the Administrative Law Judge.  In fact, Dr. Ashok in his
15 treatment advised the plaintiff to begin a walking regimen and
16 to use a back brace or corset to help him when lifting.  The
17 testimony of the plaintiff is that he couldn't even lift more
18 than a half gallon of milk.  It seems contrary to his activities
19 of daily living.
20          The other arguments that the plaintiff has raised
21 depend on the rejection of Dr. Jenouri's opinions, which, as I
22 indicated, were properly considered and the consideration was
23 explained.  The hypothetical that was posed to the vocational
24 expert mirrored the residual functional capacity finding, which
25 I find is supported by substantial evidence.  The testimony of

1  the vocational expert therefore supports the conclusion that
2  plaintiff was not disabled at the relevant time and carries the
3  Commissioner's burden at step five.
4          So I find that the determination was the result of
5  application of proper legal principles and is supported by
6  substantial evidence.  I will therefore award judgment on the
7  pleadings to the defendant.  Thank you both for excellent
8  presentations.  I hope you have a good day.
9          MR. GORTON:  Thank you, your Honor.
10         MR. MORRISON:  Thank you.
11         (Time noted:  11:20 a.m.)

11

                    CERTIFICATE OF OFFICIAL REPORTER



           I, HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR,
Official U.S. Court Reporter, in and for the United States
District Court for the Northern District of New York, DO HEREBY
CERTIFY that pursuant to Section 753, Title 28, United States
Code, that the foregoing is a true and correct transcript of the
stenographically reported proceedings held in the above-entitled
matter and that the transcript page format is in conformance
with the regulations of the Judicial Conference of the United
States.

           Dated this 10th day of February, 2020.


           x*Hannah F. Cavanaugh*_____
             HANNAH F. CAVANAUGH, RPR, CRR, CSR, NYACR
             Official U.S. Court Reporter